UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PHILLIP MINK** | : | **CASE NO.:** 1:21-cv-00753-DRC |
| 11034 Woodward Lane | : | |
| Cincinnati, OH 45241 | : | |
| | : | |
| Plaintiff, | : | **Judge: Cole** |
| -vs- | : | |
| | : | |
| **THE CITY OF SHARONVILLE** | : | |
| 10900 Reading Road | : | |
| Sharonville, OH 45241 | : | |
| | : | |
| Defendant. | : | |

**AMENDED COMPLAINT FOR DECLARATORY, MONETARY, AND INJUNCTIVE RELIEF**

Plaintiff Phillip Mink states the following for his Complaint against Defendant the City of Sharonville:

**INTRODUCTION**

1. Plaintiff Phillip Mink brings this Action against Defendant the City of Sharonville because it violated Title II of the Americans with Disabilities Act and the First Amendment because it refused to accommodate Mr. Mink's disability, so he could attend a Planning Commission meeting and speak critically about Defendant's conduct and in opposition to a proposed rezoning that abutted his residential property. Defendant Sharonville (1) was aware that Plaintiff Mink suffers from severe, long-standing agoraphobia and, as a result, is unable to leave his home; (2) was aware that Mr. Mink intended to criticize

1

Defendant and its plan to rezone a neighboring piece of property that abuts Mr. Mink's home; (3) to accommodate Mr. Mink's disability, initially offered to permit Mr. Mink to attend the meeting via Zoom and provided him with a Zoom link for the meeting; but (4) then refused to allow Plaintiff Mink to attend the meeting via Zoom at last minute to intentionally deprive him of his ability to address the Planning Commission in opposition to the rezoning proposal.

## PARTIES

2. Plaintiff Phillip Mink ("Mink") is a resident of Sharonville, OH.

3. Defendant City of Sharonville ("Defendant") is a municipal corporation situated in Hamilton County, OH.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this case because it is an Action under Title II of the Americans with Disabilities Act ("ADA") and 42 USC § 1983.

5. Venue is proper in this Court because the occurrences complained of occurred in Hamilton County, OH.

## BACKGROUND FACTS

6. Mr. Mink lives in a home located at 11034 Woodward Lane in Sharonville.

7. Mr. Mink suffers from diagnosed, severe, long-standing agoraphobia, and, as a result of this disability, he is unable to travel outside his home beyond a distance where he can still see his home.

8. On October 13, 2021, Defendant's Planning Commission was set to meet to discuss a zoning change for Hudepohl Restoration for the property at 2430 E Sharon Rd.

9. The meeting agenda indicated that the Planning Commission was going to discuss changing the zone from General Business to General Industrial.

10. Mr. Mink, as a resident of Sharonville, wished to speak at this meeting to challenge the zoning change.

11. Defendant knows that Mr. Mink has agoraphobia, and it was on notice of his disability.

12. Mr. Mink told Defendant's City Planner, Jamie Kreindler, that he has agoraphobia.

13. Defendant's Mayor is also aware of Mr. Mink's disability.

14. Defendant's employee, John Creech, was also aware of Mr. Mink's disability.

15. Regarding the October Planning Commission meeting, Mr. Mink specifically requested an accommodation for his disability, so he could attend the meeting and speak.

16. Initially, Defendant's City Planner, Jamie Kreindler, emailed Mr. Mink a Zoom link for the meeting, so he could attend the meeting and participate on October 4, 2021. (Exhibit 1).

17. Then, without explanation, Defendant emailed Mr. Mink on the day of the meeting to withdraw the accommodation it had previously offered him. In the email sent the day of the meeting, Defendant withdrew the Zoom link and indicated that Mr. Mink would have to attend the meeting in person instead, claiming that it could not provide a Zoom service, and that the "building is ADA accessible." (Exhibit 2).

18. Therefore, Defendant intentionally retracted the offered accommodation for Mr. Mink's disability stating that it does not provide Zoom for Planning

Commission meetings, even though the Defendant's City Planner had previously provided a Zoom link.

19. Defendant's excuse to deny Mr. Mink his requested accommodation was nonsensical for multiple reasons.

20. First, Defendant knew or should have known that Mr. Mink could not come to the meeting in person because of his disability.

21. Furthermore, according to Defendant's ICRC page, Defendant's City Council used Zoom to hold its own City Council meetings during the pandemic, so Defendant is clearly able to provide Zoom technology. (Exhibit 3).

22. Thus, providing Zoom to Mr. Mink is clearly not an undue burden or impossibility in any manner.

23. Moreover, it is entirely unclear or illogical how a wheelchair ramp and/or bars by a toilet could possibly accommodate a citizen with agoraphobia.

24. Seemingly, Defendant does not seem to understand that a disability accommodation is not much of an accommodation if the accommodation has nothing to do with the disability.

25. Simply stated, Defendant's cited *ADA compliant building* had nothing to do with Mr. Mink's actual disability, and Defendant did not even attempt to accommodate Mr. Mink's disability.

26. On the contrary, Defendant seems to have intentionally ambushed Mr. Mink, and it maliciously pulled the rug from under him regarding the accommodation it already offered Mr. Mink.

27. Defendant was motivated by animosity towards Mr. Mink's disability and the desire to silence Mr. Mink's criticisms.

28. There is no reason that Defendant could not offer a Zoom option to Mr. Mink when (1) it is a service widely available and used by many public bodies including courts, and (2) Defendant was already in the practice of using it for its own government purposed during the pandemic.

29. Mr. Mink was unable to attend the Planning Commission meeting without the accommodation to which he was entitled under the ADA. He did not in fact attend the meeting.

## COUNT I

## ADA disability discrimination

30. Mr. Mink restates all previous paragraphs.

31. Mr. Mink suffers from agoraphobia.

32. Agoraphobia is a disability under the ADA because it substantially limits Mr. Mink's ability to enjoy normal daily life.

33. Mr. Mink requested an accommodation from Defendant for his disability to enable him to attend and speak at Defendant's public meeting.

34. Mr. Mink's accommodation request for video attendance at the Planning Commission meeting was reasonable because it only required some type of video and/or audio-conferencing technology that is widely used and available for very little (or no) cost in the contemporary market.

35. Indeed, Defendant's City Council utilized video conferencing for its own business during the pandemic.

36. The City Council also provided links to the public to participate in public commentary.

37. Therefore, Mr. Mink's accommodation request was reasonable, and it was not an undue burden.

38. Moreover, Defendant's own City Planner had already offered the accommodation nine days before the meeting.

39. Defendant then shockingly retracted the offer on the same day of the meeting.

40. Defendant then offered a phony excuse that its building was ADA compliant, which only addresses certain physical disabilities, not the mental disability from which Mr. Mink suffers.

41. Defendant's offered accommodation was unreasonable because the ADA accommodations in the building could only possibly accommodate physical disabilities, and those accommodations have no relation to Mr. Mink's agoraphobia.

42. Defendant's conduct violated the ADA, and it damaged Mr. Mink. He was unable to attend and participate in the public meeting due to the lack of an accommodation.

43. Mr. Mink is entitled to damages, injunctive relief, declaratory judgment, attorney fees, litigation expenses, costs, and other damages available under the ADA.

## COUNT II

### 42 USC § 1983 – First Amendment Free Speech

44. Mr. Mink restates all previous paragraphs.

45. Mr. Mink is critical of the Defendant's actions and decisions and intended to speak in opposition of the proposed rezoning at the Planning Commission meeting.

46. Defendant is aware that Mr. Mink is critical of Defendant.

47. Defendant waited until the last moment to retract its accommodation to maliciously deprive Mr. Mink of his ability to present his criticisms of Defendant's decisions.

48. Defendant's agents, Jamie Kreindler and John Creech, had the final decision-making power to decide whether to provide video access to the Planning Commission meeting.

49. Defendant discriminated against Mr. Mink's viewpoints by denying him the ability to speak at the Planning Commission meeting.

50. Defendant violated Mr. Mink's First Amendment right to criticize Defendant's decisions and actions.

51. Mr. Mink is entitled to damages, injunctive relief, declaratory judgment, attorney fees, litigation expenses, costs, and other damages available under the ADA.

**WHEREFORE**, Mr. Mink respectfully requests that this Court find for him and award him the following:

    a. Compensatory damages;

    b. Nominal damages;

    c. Declaratory relief;

    d. Injunctive relief;

    e. Attorney fees under 42 USC § 1988 and related statutes;

    f. Costs;

    g. Litigation expenses; and

    h. All other relief this Court deems proper.

Respectfully submitted,

***/s/ Matt Miller-Novak***
Matt Miller-Novak, Esq. (0091402)
Barron, Peck, Bennie, &
Schlemmer, Co. LPA
3074 Madison Road,
Cincinnati, OH 45209
Phone: 513-721-1350
Fax: 513-721-2301
MMN@BPBSLaw.com

***/s/ Jennifer M. Kinsley***
Jennifer M. Kinsley (0071629)
KINSLEY LAW OFFICE
Post Office Box 19478
Cincinnati, OH 45219
P: 513-708-2595
E: kinsleylawoffice@gmail.com

*Attorneys for Plaintiff*